Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>ELIZABETH ANNE HAWKENSON,<br><br>Debtor. | In Proceedings Under Chapter 13<br><br>Case No. 2-16-bk-02468-SHG<br><br>**TRUSTEE'S RECOMMENDATION**<br><br>(7/11/16) |

The Debtor is acting *pro se* (without an attorney) and is presumed to know bankruptcy laws and rules of bankruptcy procedure. Glass v. Hitt, 60 F.3d 565 (9th Cir. 1995). Therefore, the Trustee presumes that the Debtor is capable of timely resolving issues which may arise in the case, including creditor objections and any stated in this Recommendation.

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

(1) The last day to file a proof of claim by a non governmental entity is 7/26/16. Any claim discrepancies arising after the filing of this Recommendation must be resolved prior to the Trustee recommending confirmation.

(2) The Trustee renews his request for the Debtor to complete and return the enclosed Trustee's Questionnaire.

(3) The Debtor must provide a copy of a current credit report to verify the scheduled debt.

(4) The Plan fails to provide treatment for secured creditors RoundPoint Mortgage Corp. and Western American Loan. An explanation is required.

(5) Schedule J provides for a direct auto payment. The Trustee objects and requires that payments to creditors secured by personal property be paid through the Plan. The Trustee requires an Amended Plan or the order confirming to provide for payment through the Plan.

(6) The Trustee requests a copy of the Debtor's state and federal income tax returns for 2015 and the turnover of any net tax refunds not received as of the petition date as supplemental payments to be paid to unsecured creditors.

(7) The Order confirming will correct the plan payment start date to April 13, 2016.

(8) **Plan payment status:** The Debtor's interim payments of $549.00 each are current through due date 5/13/16. Subsequent payments are due on the 13thn day of each following month. The Trustee reminds the Debtor that he or she may access case information from the Trustee's office, such as plan payments received, by going to www.ndc.org. Then, click the box that says Get Started. It's Free! And follow the instructions.

(9) If all requirements are timely met, the Trustee will prepare the order confirming the Plan. The order will state that:

(a) The debtor is required to provide directly to the Trustee within 30 days after the returns are filed, a copy of the federal and state tax returns for 2015 through 2017.

(b) The debtor must remit all Plan payments on or before the monthly due date. When Plan payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan. Any funding shortfall must be cured before a discharge is entered, regardless of Plan payment suspensions, waivers or moratoriums.

- 2 -

(c) The Trustee shall receive such percentage fee of Plan payments as may periodically be fixed by the Attorney General pursuant to 28 U.S.C. §586(e), but not to exceed 10%.

SUMMARY: Pursuant to Local Rule 2084-10 by 7/11/16, Debtor is to resolve all of the above issues and provide the Trustee with a written response or the Trustee will lodge a Dismissal Order.

Copy mailed or emailed to:

ELIZABETH ANNE HAWKENSON
558 SOUTH 167TH LANE
GOODYEAR, AZ 85338
*Debtor / Pro Se*

_____
*jmorales@ch13bk.com*

- 3 -