| | |
|---|---|
| Kevin Hahn, #024277 | |
| Nathan F. Smith, #029780 | |
| MALCOLM ♦ CISNEROS, A Law Corporation | |
| 2112 Business Center Drive, Second Floor | |
| Irvine, California 92612 | |
| Phone: (949) 252-9400 | |
| Facsimile: (949) 252-1032 | |
| nathan@mclaw.org | |

Attorneys for Movant

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 2:16-bk-02468-SHG |
| Elizabeth Anne Hawkenson, | |
| Debtor, | Chapter 13 |
| RoundPoint Mortgage Servicing Corporation, | |
| Movant, | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| vs. | |
| Elizabeth Anne Hawkenson, Debtor, and Russell Brown, Trustee, | [Re: 558 S 167th Lane, Goodyear, AZ 85338] |
| Respondents. | |

**TO THE HONORABLE SCOTT H. GAN, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE DEBTOR'S COUNSEL, THE TRUSTEE AND OTHER INTERESTED PARTIES:**

  **PLEASE TAKE NOTICE** that RoundPoint Mortgage Servicing Corporation ("RoundPoint Mortgage Servicing Corporation"), has filed the attached Motion For Relief From The Automatic Stay (the "Motion") in the above-entitled and numbered Chapter 13 case.

MOTION FOR RELIEF
JB/B41872

1

This Motion is based upon the Memorandum of Points and Authorities attached hereto, as well as upon the documents filed in support of the Motion.

Dated: June 20, 2016        Respectfully Submitted,

MALCOLM ♦ CISNEROS, A Law Corporation

By: /s/ Nathan F. Smith, #029780

Nathan F. Smith
Attorneys for Movant

MOTION FOR RELIEF
JB/B41872

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTORY STATEMENT

RoundPoint Mortgage Servicing Corporation requests the Court to grant it relief from the automatic stay because the Debtor has failed to make post-petition payments.

## II.

## STATEMENT OF FACTS

1. **The Secured Debt**. On or about August 26, 2014, Elizabeth Hawkenson made and delivered a Promissory Note in the original principal amount of $151,098.00, secured by a First Priority Deed of Trust on the Property commonly known as 558 S 167th Lane, Goodyear, AZ 85338 (the "Property"). True and correct copies of the Note and Deed of Trust are attached hereto as Exhibits "A" and "B," respectively. Envoy Mortgage, LTD endorsed the Note in blank. A true and correct copy of the endorsement is reflected on page 3 of Exhibit "A."

A true and correct copy of an Assignment of Deed of Trust, dated November 12, 2015, from Mortgage Electronic Registration Systems, Inc. as nominee for Envoy Mortgage, LTD. To RoundPoint Mortgage Servicing Corporation is attached hereto as Exhibit "C."

2. **The Default Under The Note.** The Note and Deed of Trust are post-petition due for the April 1, 2016 payment. As a result of the default, RoundPoint Mortgage Servicing Corporation desires to record a Notice of Sale against the Property.

3. **The Debtor's Interest In The Property.** The Debtor is the owner of record of the Property.

4. **The Filing Of The Instant Petition.** On or about March 14, 2016, Elizabeth Anne Hawkenson filed the instant Chapter 13 Petition as Case No. 2:16-bk-02468-SHG.

5. **The Post-Petition Delinquency.** The Debtor has failed to make post-petition payments that have come due. The total delinquency is set forth below:

| Number of Missed Payments | From – To | Payment Amount | Total |
|---|---|---|---|
| 3 | (04/01/2016 - 06/01/2016) | $1,069.04 | $3,207.12 |
| | | **Grand Total** | **$3,207.12** |

A post-petition history of all payments that have come due and all payments received is attached

MOTION FOR RELIEF
JB/B41872

3

hereto as Exhibit "E."

6. **The Total Indebtedness Under The First Note.** The total indebtedness owed to RoundPoint Mortgage Servicing Corporation, exclusive of attorneys' fees, is as follows:

| | |
|---|---|
| Principal Balance | $150,485.18 |
| Interest Accrued to 07/01/2016 | $10,424.16 |
| Escrow Advance | $4,839.93 |
| Late Charges | $333.20 |
| NSF Charges | $175.00 |
| Recoverable Balance | $2,180.03 |
| Mortgage Insurance Premium | $470.88 |
| **Grand Total** | **$168,908.38** |

7. **The Total Liens On The Property.** The Property is encumbered by the following liens:

| **SECURED CREDITOR** | **LIEN AMOUNT** |
|---|---|
| 1. RoundPoint Mortgage Servicing Corporation | $168,908.38 |
| **TOTAL** | **$168,908.38** |

8. **The Value Of The Property.** By the Debtor's own admission, the Property has a fair market value of only $170,000.00. True and correct copies of the Debtor's Schedule "A" and Schedule "D" are attached hereto as Exhibit "D."

## III.
## THE AUTOMATIC STAY SHOULD BE TERMINATED BASED ON THE DEBTOR'S FAILURE TO MAKE POST-PETITION PAYMENTS.

Ninth Circuit case law clearly sets forth the duty of Chapter 13 Debtors to maintain post-petition contractual installment payments to secured lenders as a condition for eligibility for Chapter 13 relief. In In re Gavia, 24 B.R. 573 (Bankr. 9th Cir. 1982), the Bankruptcy Appellate Panel held that the Debtors who lack sufficient regular income to enable them to maintain current contractual installment payments as well as payments under a Chapter 13 Plan are ineligible for Chapter 13 relief.

In In re Ellis, 60 B.R. 432 (Bankr. 9th Cir. 1986), the Bankruptcy Appellate Panel held that post-confirmation defaults on payments to secured lenders constitutes cause for terminating the automatic stay under Section 362(d)(1), and that it is the Debtors' burden to show that no cause

MOTION FOR RELIEF 4
JB/B41872

exists.

As set forth in the Motion herein, the stay should be terminated immediately based on the Debtor's failure to make the regular monthly post-petition payments in the instant case.

## IV.
## REQUEST FOR JUDICIAL NOTICE.

Pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, RoundPoint Mortgage Servicing Corporation requests that the Court take judicial notice of the following facts:

1. The Debtors contend that the Property has a fair market value of $170,000.00. See Exhibit "D."
2. The Property is encumbered by a first deed of trust. See Exhibit "D."

## V.
## CONCLUSION.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief from the automatic stay to allow RoundPoint Mortgage Servicing Corporation to enforce its rights and remedies under its Note and Deed of Trust including a waiver of the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure. Furthermore, RoundPoint Mortgage Servicing Corporation is specifically requesting the Court to award Movant's attorney's fees and costs incurred in connection with this matter.

Dated: June 20, 2016

Respectfully Submitted,

MALCOLM ♦ CISNEROS.A Law Corporation

By: /s/ Nathan F. Smith, #029780

Nathan F. Smith
Attorney for Movant